IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRYSTAL COTNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-353-RAW |
| ) | |
| JAMES EZZELL and MUSKOGEE ) | |
| COUNTY COMMUNITY ACTION ) | |
| FOUNDATION, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is the motion of defendant Muskogee County Community Action Foundation, Inc. ("MCCAF"), to dismiss Counts VI, VII and X of plaintiff's amended petition. Plaintiff commenced this action by filing a petition on October 23, 2012 in the District Court for Muskogee County, State of Oklahoma. Plaintiff filed an amended petition on July 2, 2013, which added MCAAF as a party defendant. The case was removed to this court on June 13, 2013.

Defendant styles the motion as one to dismiss, but within the motion itself states as follows: "As MCCAF will be presenting to the Court materials outside the pleadings, pursuant to FED. R. CIV. P. 12(d), the Court should treat this motion as one for summary judgment (FED. R. CIV. P. 56) on these counts." A motion to dismiss pursuant to Rule 12(b)(6) F.R.Cv.P. cannot be converted into a summary judgment motion without notice and an opportunity for the parties to present relevant evidence. *David v. City and Cnty. of Denver,* 101 F.3d 1344, 1352 (10th Cir.1996). The required notice may be actual or

constructive, and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice. *Id.*

Here, the court finds that defendant gave explicit notice within the motion itself. Plaintiff did not object to the defendant's attachment of evidentiary materials. While plaintiff did not submit her own materials in her response, she does refer to defendant's materials. Accordingly, the court sees no prejudice to plaintiff in treating the motion as one for partial summary judgment.[1]

First, the motion seeks dismissal of Count VI of the amended petition, i.e., that plaintiff was terminated in violation of public policy. Plaintiff alleges that her termination was in retaliation for her reporting of sexual harassment, gender harassment and workplace violence.

Defendant asserts that the Oklahoma Anti-Discrimination Act ("OADA") precludes plaintiff's common-law claim. This court agrees. In pertinent part, 25 O.S. §1350(A) states that "[a] cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished." As the court noted in *Peters v. Black Tie Value Parking Service, Inc.,* 2013 WL 5420260 (W.D.Okla.2013), "[t]he remedies abolished include *Burk* claims."[2] Plaintiff's argument in response is that the Act does not abolish

---

[1] The applicable standard is set forth in Rule 56(a) F.R.Cv.P. The court must view all facts and evidence in the light most favorable to the party opposing summary judgment. *See Grynberg v. Total S.A.,* 538 F.3d 1336, 1346 (10th Cir.2008).

[2] *See Burk v. K-Mart Corp.,* 770 P.2d 24 (Okla.1989).

claims for <u>retaliation</u> in the employment setting. Plaintiff has cited no authority for this argument, and the court has found none. What was formerly a "*Burk* claim" (of any type) must now be brought pursuant to the OADA. The motion will be granted as to Count VI.

Next, defendant attacks Count VII, breach of implied contract. Plaintiff alleges she was discharged "in contravention of the implied unilateral contract" created by MCCAF's personnel manual and other employment documents. "Oklahoma jurisprudence recognizes that an employee handbook may form the basis of an implied contract between an employer and its employees if four traditional contract requirements exist: (1) competent parties, (2) consent, (3) a legal object and (4) consideration." *Russell v. Bd. of Cnty. Comm'rs, Carter Cnty.,* 952 P.2d 492, 501-02 (Okla.1997)(footnotes omitted). "While an employer may deny (or disclaim) any intent to make the provisions of a personnel manual part of the employment relationship, the disclaimer must be clear." *Id.* at 502 (footnote omitted).

Various passages in the personnel materials, quoted by defendant at pages 7-8 of its brief, establish a clear disclaimer, in this court's view. In response, plaintiff cites the portion of the personnel materials stating that the employer may not violate federal or state law. The court finds that this provision does not create an implied contract, but merely states the truism that "at will" employment does not mean an employer is exempt from the specific remedy provided by the violation of a specific law. The motion will be granted as to Count VII as well.

As for Count X, plaintiff requests that her claim under the ADEA be dismissed. This request will be honored.

3

It is the order of the court that the motion to dismiss (#6), treated by the court as a motion for partial summary judgment, is hereby granted. Counts VI, VII and X of plaintiff's amended petition are dismissed.

**ORDERED THIS 27th DAY OF NOVEMBER, 2013.**

*(signature)*

Ronald A. White
United States District Judge
Eastern District of Oklahoma